KIM F. MALLORY, Esq. State Bar No.159870
4980 APPIAN WAY, SUITE 203
EL SOBRANTE, CA 94803
(510) 223-3657 FAX (510) 223-3652

Attorney for Plaintiffs
Americans with Disabilities Advocates,
JOSEPH S. TACL and GEORGE S. LOUIE

ORIGINAL
F I L E D

FEB 2 1 2003

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

ADR

MMC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICANS WITH DISABILITIES ADVOCATES, a Nevada Nonprofit Corporation, JOSEPH S. TACL and GEORGE S. LOUIE <br><br> Plaintiffs, <br><br> vs. <br><br> BIG O TIRES,  335 S. MAIN STREET, WILLITS CA.  AND MASON AND JEWEL COOK, 335 S. MAIN STREET WILLITS CA <br><br> Defendants. | Case No.: **C 03 0747** <br><br> **CIVIL RIGHTS** <br><br> **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DISCRIMINATION AGAINST PERSONS WITH DISABILITIES; AMERICANS WITH DISABILITIES ACT OF 1990; CAL. CIVIL CODE §§54, ET SEQ.; CAL. CIVIL CODE §§51, ET SEQ.; CAL. CIVIL CODE §3345;CAL. HEALTH & SAFETY CODE §§19955, ET SEQ.; CAL. BUS. & PROF. CODE §17200, ET SEQ.; NEGLIGENCE; DECLARATORY RELIEF; DAMAGES FOR PERSONAL INJURY** <br><br> **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiffs complain of Defendants herein and allege that:

AMERICANS WITH DISABILITIES ADVOCATES is a Nevada Nonprofit Corporation organized with the principal purpose of helping to eliminate discrimination against individuals with disabilities by ensuring public facilities are in compliance with laws intended to provide access to housing, public buildings, transportation, goods and services and to make sure that people with disabilities are treated with dignity.

1  in the role of "private attorneys general" who seek to vindicate "a policy of the highest priority"

2  See, Christiansburg Garment Co v EEOC, 434 U.S. 412, 417, 98 S.Ct. 694, 698 (discussing

3  ADA Plaintiffs as private attorneys general); Rosenberg v Merill Lynch, Pierce, Fenner & Smith,

4  Inc., 170 F.3d 1, 11 (1st Cir, 1999).

5  BIG O TIRE AND MASON AND JEWEL COOK provides inadequate access to people with

6  disabilities, including, inter alia:.   There are no enforcement signs at this facility a violation of

7  ADAAG section 4.6.4(2) and Title 24 1129B.5.  There is no accessible parking at this facility a

8  violation of ADAAG section 4.1.2(5)a and Title 24 1129B.1. The ramp going into the store

9  exceeds 8.33%, a violation of ADAAG section 4.8.2 and Title 24 1129B.4.4.  There is no level

10  landing of 60X60 at the top of this ramp, a violation of ADAAG section 4.8.4 and Title 24

11  1133B.2.4.2.  The threshold exceeds ½ inch, a violation of ADAAG section 4.13.10 and Title 24

12  1133 5.2.4.1. There is another door along the side of the building that is blocked with

13  merchandise it also has a ramp that also exceeds 8.22%, a violation of ADAAG section 4.8.2 and

14  Title 24 1129B.4.4.  The public telephone is not accessible to the handicapped. There is a ½ inch

15  lip into the booth which is not accessible, a violation of ADAAG section 4.31.2 and Title 24

16  1117B.2.2   See Exhibit A, Inaccessible path of travel to side entranceway due to merchandise

17  blocking accessible doorway; See Exhibit B, Inaccessible public telephone to disabled persons;

18  See Exhibit C, Inaccessible path of travel to entranceway due to improper handicapped ramp;

19  See Exhibits D and E No handicapped parking, no handicapped signage and striping and no van

20  accessible parking; See Exhibits F and G, Inaccessible restroom facility to disabled persons

21  including no handicap toilets, including the lack of grab bars, and sink fixtures.  Because of these

22  barriers, entering this facility was impossible for persons with mobility disabilities, such as the

23  Plaintiffs, to gain access to this facility.

24

25                                  **JURISDICTION**

26      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections

27  1343(a)(3) and 1343(a)(4) for claims arising under the Americans With Disabilities Act of 1990,

28

COMPLAINT                                    –3–

18.  The United States Court of Appeals for the Ninth Circuit in <u>Botosan</u> vs. <u>Paul McNally Realty</u>, 216 F.3rd 827 at 835 (June 20, 2000) held that, "Consumer was entitled to award of statutory minimum damages under California's Unruh Civil Rights Act, even without prove of actual damages", and "Proof of actual damages is not prerequisite to recovery of statutory minimum damages under California's Unruh Civil Rights Act." West's Ann.Cal.Civ.Code §52.

### FIRST CLAIM

(Violation of the Americans With Disabilities Act)

19. Plaintiffs incorporate by reference herein the allegations in paragraphs 1-18, inclusive.

20. Defendants' acts and omissions alleged herein are in violations of the ADA, 42 U.S.C. sections 12101, <u>et</u>. <u>seq</u>., and the regulations promulgated thereunder, 28 Code of Federal Regulations Part 36.

21. BIG O TIRE AND MASON AND JEWEL COOK is a public accommodation covered by Title III of the ADA.

22. Defendants have failed to remove barriers to be accessed by persons with disabilities at BIG O TIRE AND MASON AND JEWEL COOK where removal of such barriers is readily achievable.

23. Defendants have failed to provide necessary auxiliary aids and services at BIG O TIRE AND MASON AND JEWEL COOK where provision of such auxiliary aids and services does not pose an undue burden.

24. Defendants have failed to modify policies and procedures at BIG O TIRE AND MASON AND JEWEL COOK to ensure equal access for persons with disabilities.

25. Defendants' conduct constitutes ongoing and continuous violations of the ADA and, unless restrained from doing so, Defendants will continue to violate said law.  Said conduct, unless enjoined, will continue to inflict injuries for which Plaintiffs have no adequate remedy at

law. Consequently, Plaintiffs are entitled to injunctive relief pursuant to section 308 of the ADA (42 U.S.C. §12188). Plaintiffs are also entitled to recover reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

## SECOND CLAIM

(Violation of Cal. Civ. Code §§54, et. seq.)

26. Plaintiffs incorporate by reference herein the allegations in paragraphs 1-27, inclusive.

27. The SUBJECT FACILITY constitutes a public accommodation within the meaning of California Civil Code sections 54.1 and 54.3.

28. Defendants have violated Plaintiffs' rights by denying them full and equal access to and use and enjoyment of BIG O TIRE AND MASON AND JEWEL COOK and in doing so, Defendants have acted willfully and maliciously.

29. Defendants' actions constitute a violation of Plaintiffs' rights under California Civil Code sections 54, et. seq., and therefore, Plaintiffs are entitled to injunctive relief remedying the violations. Plaintiffs are also entitled to damages under California Civil Code section 52(a).

30. Plaintiffs are also entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

## THIRD CLAIM

(Violation of Cal. Civ. Code §§51,and §§52(a) et.seq.)

31. Plaintiffs incorporate by reference herein the allegations in paragraphs 1-32, inclusive.

32. The conduct of Defendants is in violation of California Civil Code sections 51, et. seq., the Unruh Civil Rights Act, in that patrons of the SUBJECT FACILITY who have physical disabilities have either not been provided services and facilities that are provided to other persons or have been provided services and facilities that are not equal to, and are inferior to, the services provided to persons who do not have disabilities.

33.  Defendants have committed additional violations of the Unruh Civil Rights Act, in that the conduct alleged herein constitutes a violation of various provisions of the ADA, 42 U.S.C. sections 12101, et. seq., as set forth below.

34.  The conduct of the Defendants was and is in violation of the Unruh Civil Rights Act, California Civil Code sections 51, et. seq., and therefore Plaintiffs are entitled to injunctive relief remedying the violations.  Plaintiffs are also entitled under California Civil Code section 52 to damages.

35.  Plaintiffs are also entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

## FOURTH CLAIM

(Violation of Cal. Health &
Safety Code §§19955, et. seq.)

36. Plaintiffs incorporate by reference herein the allegations in paragraphs 1-37, inclusive.

37. The SUBJECT FACILITY is a public accommodation within the meaning of California Health and Safety Code section 19955 and Defendants have constructed and/or altered the SUBJECT FACILITY within the meaning of California Health and Safety Code section 19959.  The actions of Defendants constitute a denial of access to and use of the SUBJECT FACILITY by persons with physical disabilities.

38. Defendants' failure to fulfill its duty to provide access have caused Plaintiffs to suffer injury.

39. As a result of Defendants' violation of Health and Safety Code sections 19955, et. seq., described herein, Plaintiffs are entitled to injunctive relief pursuant to Health and Safety Code section 19953.

WHEREFORE, Plaintiffs request relief as set forth below.

## FIFTH CLAIM

(Unfair Business Practice – Injunctive Relief Only;

COMPLAINT                                     -10-

Cal. Bus. & Prof. Code §§17200, et. seq.)

40.    Plaintiffs incorporate by reference herein the allegations in paragraphs 1-41, inclusive.

41.    Defendants' conduct, as alleged, is part of a general business practice by Defendants. Defendants have made a considered decision to promote profit at the expense of Defendants' legal obligations to patrons with disabilities.

42.    Defendants' policies and practices constitute an unfair business practice within the meaning of California business and Professions Code sections 17200, et. seq., in that inter alia, Defendants appeal to, advertise to, and purport to serve persons with disabilities, yet Defendants' facility is inaccessible and illegal, in violation of public policy.

43.    Plaintiffs are entitled to an injunction restraining Defendants from engaging in any act or omission, or failing to engage in any act or omission, the effect of which is to cause, directly or indirectly, discrimination by Defendants against persons with disabilities.

44.    Plaintiffs are also entitled to attorney's fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.


## SIXTH CLAIM
### (Negligence)

45.  Plaintiffs incorporate by reference herein the allegations in paragraphs 1-46, inclusive.

46.  Defendants had and continue to have a duty to exercise ordinary care.

47.  Defendants failed, and continue to fail, to exercise ordinary care.

48.  As an actual and proximate result of Defendants' failure to exercise ordinary care, Plaintiffs suffered damages in an amount to be determined by proof.

49.  At all times relevant hereto, there was in effect, the Americans With Disabilities Act, California Civil Code sections 51, et. seq., California Civil Code sections 54, et. seq., and California Health and Safety Code sections 19955, et. seq., all of which have required that public accommodations and facilities provide services to people with disabilities which are

1    equal to, and are not inferior to, the services provided to patrons who are not physically

2    disabled.

3        50.  Defendants' acts and omissions alleged herein are in violation of statutory

4    requirements (including, but not limited to, the Americans With Disabilities Act, California

5    Health and Safety Code sections 51, et. seq., California Business and Professions Code section

6    17200, et. seq., and public policy, which statues are designed to protect persons with disabilities

7    from the type of harm inflicted on Plaintiffs.

8        51.  Defendants' conduct thus constitutes negligence and negligence per se.

9        WHEREFORE, Plaintiffs request relief as set forth below.

## SEVENTH CLAIM

(Declaratory Relief)

13       52.  Plaintiffs incorporated by reference herein the allegations in paragraph 1-53,

14   inclusive.

15       53.  Plaintiffs contend, and are informed and believe that Defendants deny that the

16   SUBJECT FACILITY fails to comply with applicable laws prohibiting discrimination against

17   persons with disabilities and are in violation of statues including, but not limited to, California

18   Civil Code sections 54, et. seq., California Civil Code sections 51, et. seq., the ADA, Business

19   and Professions Code section 17200, et. seq., and California Health and Safety Code sections

20   19955, et. seq.

21       54.  A judicial declaration is necessary and appropriate at this time in order that each of

22   the parties may know their respective rights and duties and act accordingly.

23       WHEREFORE, Plaintiffs request relief as set forth below.

## EIGHTH CLAIM

(VIOLATION OF CALIFORNIA CIVIL CODE, SECTION §3345, UNFAIR OR

DECEPTIVE PRACTICES AGAINST SENIOR CITZENS OR DISABLED PERSONS,

TREBLE DAMAGES)

28       55.  Plaintiffs incorporate by reference paragraphs 1-56 above.

56. This section shall apply only in actions brought by, on behalf of, or for the benefit of senior citizens or disabled persons as those terms are defined in subdivisions (f) and (g) of Section 1761, to redress unfair or deceptive acts or practices or unfair methods of competition.

57. Whenever a trier of fact is authorized by a statute to impose either a fine, or a civil penalty or other penalty, or any other remedy the purpose of effect of which is to punish or deter, and the amount of the fine, penalty, or other remedy is subject to the trier of fact's discretion, the trier of fact shall consider all of the following factors, in addition to other appropriate factors, in determining the amount of fine, civil penalty or other penalty, or other remedy in an amount up to three times greater than authorized by the statute, or, where the statute does not authorize a specific amount, up to three times greater than the amount the trier of fact would impose in the absence of that affirmative finding:

58. The defendant knew or should have known that his or her conduct was directed to one or more senior citizens or disabled persons.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs pray for judgment as follows:

1. An order and judgment enjoining Defendants from violating the ADA, 42 United States Code sections 12101, et. seq., California Civil Code sections 51, et. seq., California Health and Safety Code sections 19955, et. seq., and California Business and Professions Code sections 17200, et. seq.;

2. A declaration that the SUBJECT FACILITY is designed and operated in a manner which discriminates against persons with physical disabilities and which fails to provide full access for persons with disabilities as required by law;

3. Damages in an amount to be determined by proof;

4. Treble damages pursuant to California Civil Code sections 52(a) and 54.3 and/or punitive damages; and section 1021.5 Code of Civil Procedure;

5. Treble damages pursuant to California Civil Code section 3345;

6. Pre-judgement interest pursuant to section 3291 of the Civil Code;

7. General and compensatory damages according to proof;

8. All damages as afforded by Civil Code section 54.3 for which the Defendants have denied to Plaintiffs equal access for the disabled;

9. Plaintiffs' reasonable attorney's fees and costs;

10. Such other and further relief as the Court deems just and proper.


DATED:  February 17, 2003


Kim F. Mallory, Esq.
Attorney for Plaintiffs
Americans With Disabilities
Advocates, JOSEPH S. TACL and
GEORGE S. LOUIE


## DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demands a jury for all claims for which a jury is permitted.

Dated: February 17, 2003


Kim F. Mallory, Esq.
Attorney for Plaintiffs
Americans With Disabilities
Advocates, JOSEPH S. TACL and
GEORGE S. LOUIE


COMPLAINT                                    –14–



EXHIBIT A



**EXHIBIT B**



EXHIBIT C



**EXHIBIT D**



**EXHIBIT E**



**EXHIBIT F**



EXHIBIT G